(121 So. 455)

### BISHOP et al. v. STATE.   (7 Div. 471.)

Court of Appeals of Alabama.   April 2, 1929.

Hugh Reed, of Center, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

**BRICKEN, P. J.** The appellants were jointly tried upon an indictment which charged them with murder in the second degree. The trial resulted in their conviction for manslaughter in the first degree, and their punishment was fixed at imprisonment for one year to which they were duly sentenced to hard labor for the county.

One Henry Brown, the deceased named in the indictment, met his death as a result of a difficulty in which each of the appellants struck him one blow, Dick Bishop with a stick or piece of plank, and John Bishop with a stick or picket. The difficulty took place at the home of appellant John Bishop, and it is strenuously insisted that Brown, the deceased, brought on the difficulty and was the sole cause of the trouble which resulted in his death. It is further insisted none of the other participants said or did anything toward bringing on the difficulty, and it is here earnestly contended that the undisputed evidence, as shown by the record, bears out or sustains this contention. There is but slight, if any, conflict in the evidence. It appears without dispute that, on the Sunday afternoon in question, the deceased, Henry Brown, came to the home of appellant John Bishop with a can of whisky, purchased by Brown that day; that Brown started into the dwelling house of Bishop with the whisky, but was told by Bishop he preferred him not to take the whisky in his home, and he asked Brown to let him take it and hide it for him until he started home. Brown replied, "All right John," and delivered the whisky to Bishop, who took it to his barn, which was some 150 yards from the dwelling, and Brown went on into the house. At this time several kinsmen of Bishop and other friends were present at Bishop's home, and everything was friendly and without any semblance of trouble. The evidence shows that Brown had taken several drinks of the whisky before reaching Bishop's home.

In a very few minutes after having entered Bishop's home, the evidence shows that Brown raised a difficulty in the house where the wife, daughters, and other kin people of appellant were, and tried to cut Mrs. Bishop with a knife, and also Oscar Bishop, a kinsman; that a loud commotion was created in the house, and Mrs. Bishop, after evading the knife in Brown's hand, screamed for her husband, who went from the barn immediately to her assistance, and reached the house about the time the deceased and Oscar Bishop came out and got upon the ground. The evidence shows that "Brown threw off his coat as he was coming out of the house and was raving with his knife in his hand," and with the open knife in his hand was attempting to then cut Oscar Bishop at close range when appellant Dick Bishop arrived and struck him with the stick or piece of plank. John Bishop inquired of Brown as to what did he mean and what had happened, and ordered him to leave his premises. After having been hit by Dick Bishop, the evidence shows Brown turned upon John Bishop, with the statement, "You are another damn Bishop I will get you," and attempted to cut John Bishop, who immediately wrenched one of the pickets from the banister against which he was standing and struck Brown one blow. Brown then dropped his knife, and the difficulty there ceased, though the evidence shows that it was with much difficulty several men finally succeeded in inducing him to leave. The difficulty was a continuous one, and we think the evidence bears out the appellant in the insistence that no one except the deceased contributed to the situation out of which the difficulty grew. Certainly there is no evidence in the record to show that either Mrs. Bishop, or Oscar Bishop, nor any one in the house, except Brown, was at fault in bringing on the difficulty; that Oscar Bishop first, and afterwards John Bishop, were in great danger from Brown when each of the blows was respectively stricken is clearly shown by this evidence and this without dispute or conflict.

Appellants were under no duty to retreat, as John Bishop was at his own dwelling house, and Dick and Oscar Bishop were welcome guests there at the time. All the evidence and its every tendency discloses these conditions without conflict or dispute. We therefore are of the opinion that the conviction of these appellants for any offense under such conditions is wrongful, and the court should have directed a verdict in their behalf under the undisputed evidence in this case.

Numerous insistences of error are here urged in order to effect a reversal of the judgment of conviction. From what has been said, there appears no necessity to discuss these many points of decision presented.

For the error indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.

RICE, J., dissents.